## PROMISSORY NOTE INDUCED BY FRAUDULENT REPRESENTATIONS.

Common Pleas Court of Hamilton County.

THE SECOND NATIONAL BANK v. GEORGE E. McDONALD.

Decided, June 9, 1913.

*Fraudulent Transactions—Adjustment of Rights as Between the Parties Thereto—Purchase of Bank Stock on Representation That it Could Be Paid for with Dividends Accruing—Action of Note Evidencing the Debt.*

Where two persons have each used the other in a fraudulent transaction in the belief that the transaction would result in their making something out of nothing, a court will refuse assistance to either one to get an advantage over the other, and affirmative relief being asked by both the court will leave them where it finds them, requiring each party to pay the costs he has made.

*Peck, Shaffer & Peck, Floyd C. Williams, Ferdinand Jelke, Jr.,* and *Landon Forchheimer,* for plaintiff.

*D. T. Hackett,* contra.

DICKSON, J.

Plaintiff sued the defendant on a certain promissory note payable to its order in the sum of $2,750. The defendant claimed that he was induced to make this note by false representations, chief among which were that he would never have to pay for certain stock in plaintiff's bank for which this note was given; that no demand would be made for the payment of this note and that ultimately he would own ten shares of stock in this bank and not have to pay anything for them.

At the conclusion of the evidence plaintiff moved for an instructed verdict in its behalf. The defendant did the same.

The court thereupon decided that defendant's motion was well taken and said:

The evidence in this case clearly shows that the plaintiff bank in order to obtain the approval of the Comptroller of the Currency of an increase of its capital stock was eager to obtain paid up subscriptions for all this new issue; also that the defendant was easily persuaded to subscribe for ten shares at $275, to be paid for by his note for that amount to the order of the plaintiff; that defendant's credit, not money, was used to balance the bank's stock ledger; that in this transaction no money passed between the parties to this suit; that a certificate of stock was made out in the name of the defendant but never delivered to him; that this certificate of stock is now canceled—destroyed— and could not be delivered to defendant if he paid the note.

The evidence shows that the defendant was falsely and recklessly led to believe, and thus did believe, that he would get this stock for nothing; that he acted upon this belief to his injury; that he believed that he was assisting the bank in some way unknown to him and for which he was to be made rich, just how he knew not.

Both parties were engaged in a fraudulent transaction. The stock certificate has been canceled. The note will be canceled. The dividends on the stock paid to the defendant may be retained by him. The interest on the note paid to the plaintiff may be retained by it. The verdict will be for the defendant in no amount, and each party will pay the costs made by it.

When two persons have each used the other in a fraudulent transaction for the purpose of getting rich quick, or to make something out of nothing, this court will not assist either in such a transaction to get an advantage over the other, but will leave each where it finds him, or both where it finds them, and require each party to pay the costs made by it, each having asked affirmative relief.